*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JAMUAL BOHANNON,

Defendant-Appellant.

UNPUBLISHED
July 30, 2025
1:38 PM

No. 368502
Wayne Circuit Court
LC No. 22-002062-01-FC

Before: MARIANI, P.J., and MURRAY and TREBILCOCK, JJ.

MURRAY, J (*dissenting*).

Contrary to the majority's view, *People v Cain*, 498 Mich 108, 114; 869 NW2d 829 (2015), controls the outcome of this appeal. What occurred in *Cain* is almost precisely what occurred here, and in *Cain* the Supreme Court held that the fourth prong of *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999), was not satisfied. *Cain*, 498 Mich at 126-127. Though a rebuttable presumption has been placed on the fourth prong since *Cain*, see *People v Davis*, 509 Mich 52, 75; 983 NW2d 325 (2022), that presumption is rebutted by what the trial court did instruct the jury. As a result, defendant's convictions should be affirmed, and I respectfully dissent from the thoughtful majority opinion.

As the majority notes, this appeal is centered on the fourth *Carines* prong, as not providing a juror's oath was a plain error. See *People v Allan*, 299 Mich App 205, 210-211; 829 NW2d 319 (2013), overruled in part on other grounds by *Cain*, 498 Mich at 128, which held that it was structural error to not swear-in the jury.[1] To obtain relief under this standard, "the fourth *Carines*

---

[1] The *Allan* Court's conclusion that this was a structural error was not modified by *Cain*, as the majority correctly details. However, it is worth noting that neither the Michigan nor United States Supreme Court has held that the failure to swear-in the jury amounts to structural error. There appears to be a split across the nation. Compare *People v Torrez*, 548 P3d 685, 691-695; 2024 COA 11 (Colo App, 2024) (not a structural error, relying in part on *Cain*), and *State v Vogh*, 179 Or App 585, 596; 41 P3d 421 (2002) (not a structural error), with *People v Moon*, 2022 IL 125959;

prong calls upon an appellate court to exercise its discretion in deciding whether to reverse, and . . . relief is warranted only when the court determines that the plain, forfeited error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity or public reputation of the judicial proceedings." *Cain*, 498 Mich at 116 (quotation marks, citation, and alterations omitted). When dealing with a structural error, there is now a rebuttable presumption that the fourth *Carines* prong is established, which the prosecution can rebut on appeal. *People v King*, 512 Mich 1, 10; 999 NW2d 670 (2023). Though the prosecution has not filed a brief on appeal, a reading of *Cain* and the trial record plainly establishes that this forfeited error did not result in the conviction of an actually innocent defendant (which defendant does not suggest) or seriously affect the fairness, integrity or public reputation of the proceedings.

*Cain* is essentially on point with what occurred here. In *Cain*, 498 Mich at 127, the Court abrogated *Allan* in part because the panel "did not take a case-specific approach to the fourth prong." In taking up that task, the *Cain* Court concluded that the fourth *Carines* prong had not been satisfied because of the other instructions the court provided the jury. Those same instructions were provided here. As in *Cain*, the jury here was instructed to adhere to the jury instructions, to follow the burden of proof, to limit its consideration of the evidence to what was presented, and to set aside any bias or prejudice when determining witness credibility and in making its decision. See *id*., at 122-123. And importantly, just as in *Cain*, the jury was reminded (albeit incorrectly) at the start of instructions that they had taken an oath to provide a just verdict:

> Remember that you have taken an oath to return a true and just, true and just verdict, based only on the evidence, and instructions on the law.
>
> You must not let sympathy or prejudice influence your decision.

Even though the oath had not been provided, making this statement gave notice to the jury that its task was to provide a true and just verdict based on the evidence and law.

In light of the frequent reminders and instructions to the jury about what its role was, and how it was to conduct its business to reach an honest, prejudice-free verdict based on the evidence and applicable burden of proof, the *Cain* Court held that the absence of a proper juror oath did not affect the integrity of the proceedings. Because the jury here received these same instructions, with at least one additional affirmation that it must return a true and just verdict, *Cain* controls and defendant cannot establish that the plain error seriously affected the fairness, integrity, or public reputation of the proceedings.[2]

---

215 NE3d 58, 81 (2022) (structural error). But as the *Cain* Court recognized, it does not matter which it is, as plain error review applies to even non-preserved structural error.

[2] As the majority states, there is one difference between what occurred here and in *Cain*: in *Cain*, before providing the jury with the pre-voir dire oath as was given here, the *Cain* trial court prefaced that oath by stating "I will now ask you to stand and swear to perform your duty to try the case justly and to reach a true verdict." *Cain*, 498 Mich at 113, 123. But that statement is quite similar to what this jury was instructed when the court reminded it that "you have taken an oath to return

For these reasons, I would affirm.

/s/ Christopher M. Murray

---

a true and just, true and just verdict, based only on the evidence, and instructions on the law." Indeed, what this jury was instructed—though inaccurate as to what had occurred—was more impactful in reminding the jury that it had an obligation to provide a true and just verdict.